"This case comes before the court on plaintiffs’ motion for partial summary judgment.
"Plaintiffs’ suit is for $52,926.05 in rent payments due under a lease of office space in the Shaw Maritime Building, 501 N.E. First Avenue, Miami, Florida, entered into between the parties on November 27, 1973. The lease No. GS-04B-15002, was for a term commencing December 1, 1973, and terminating November 30, 1978, subject to a clause permitting the Government to terminate the lease after November 30, 1976, upon 60 days’ written notice. Under the lease, the annual rental for the period December 1, 1973, through November 30, 1976, was $38,227, payable at the rate of $3,185.58 per month in arrears. (See Exhibit A, plaintiffs’ petition). The lease also provides an annual rental of $39,102 for the period December 1, 1976, through November 30, 1978, payable at the rate of $3,258.50 per month in arrears.
"The Government took possession of the premises on December 1, 1973. In a letter dated October 15, 1975, *901 defendant advised plaintiffs that it was terminating the lease as of August 31, 1975, for failure to comply with certain terms in the lease concerning maintenance and habitability of the premises. Plaintiffs successfully sued defendant in the United States District Court for the Southern District of Florida for the rent installments due on October 1, 1975, and November 1, 1975. Defendant’s appeal from final judgment, to the United States Circuit Court of Appeals for the Fifth Circuit, was dismissed on September 15, 1976.
"The subject of this suit is the rents due and owing for the period from December 1, 1975, until March 16, 1977, the date on which the lease was properly terminated upon the prescribed 60 days’ written notice to plaintiff. Defendant admits the foregoing facts and does not dispute its liability to pay rent for this period. In its answer, however, defendant contends that it is entitled to an equitable setoff in the amount of $12,638.45. This amount is based on an estimate of the cost of services and utilities which plaintiff would have been obligated to furnish had the premises been occupied.
"United States Court of Claims Rule 101(d) provides that a partial summary judgment may be rendered on the issue of liability alone when there remains a genuine issue as to the extent of damages. Defendant, in its pleadings, consents to a judgment in the amount of $40,258.59, which is the rent owed, diminished by defendant’s estimate of the costs saved by plaintiff as a result of the early vacation of the premises. Consequently, there is no issue as to the liability of the United States to pay rent for the premises for the period from December 1, 1975, until March 16, 1977; the only issue to be resolved is the validity and amount of the equitable setoff claimed by defendant. Until this latter issue is litigated, however, it would not be appropriate to enter judgment for a sum certain.
"it is therefore ordered and concluded that, upon the written submissions of the parties, and without oral argument, plaintiffs’ motion for partial summary judgment in its favor on the question of defendant’s liability to pay rent for the period from December 1, 1975, until March 16, *902 1977, is granted. The case is remanded to the Trial Division for further proceedings on the issue of damages.”
In accordance with the foregoing order, a stipulation of the parties and a memorandum report of the trial judge as to the amount due plaintiff, it was ordered on November 4, 1977 that judgment for plaintiff be entered for $44,500.42.